UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION


PATRICK JAMES SPERBER,

        Petitioner,

v.                                      CASE NO. 6:05-cv-1560-Orl-19KRS

SECRETARY, DEPARTMENT OF CORRECTIONS, et al.,

        Respondents.

_____

## ORDER

Petitioner initiated this action for habeas corpus relief pursuant to 28 U.S.C. section 2254 (Doc. No. 1).  Upon consideration of the petition, the Court ordered Respondents to show cause why the relief sought in the petition should not be granted.  Thereafter, Respondents filed a response (Doc. No. 18) to the petition for writ of habeas corpus.

*Procedural History*

Petitioner was charged by information with principal to attempted robbery with a firearm, principal to attempted felony murder, and principal to attempted felony murder (direct).  Petitioner entered pleas of nolo contendere to the charges, and, after a hearing, the trial court ultimately accepted the pleas.  On June 5, 2003, the trial court adjudicated Petitioner guilty of the crimes and sentenced him to imprisonment for a term of fifteen years as to each count, with all of the sentences to run concurrently.

Petitioner filed a direct appeal with the Florida Fifth District Court of Appeal, which

affirmed *per curiam* on March 2, 2004.  Mandate was issued on March 19, 2004.

On February 17, 2005, Petitioner filed a Rule 3.850 motion for postconviction relief with the state trial court,[1] which was denied on April 29, 2005.  Petitioner appealed the denial, and the state appellate court affirmed the denial *per curiam* on July 26, 2005.  Mandate was issued on August 12, 2005.

*Petitioner's Habeas Petition is Timely*

Respondents argue that the instant petition is untimely.  However, the Court finds that the petition was timely filed.

Pursuant to 28 U.S.C. § 2244,

> (d)(1)  A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of –
>
> > (A)  the date on which the judgment of conviction became final by the conclusion of direct review or the expiration of the time for seeking such review;
> >
> > (B)  the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing such State action;
> >
> > (C)  the date on which the constitutional right asserted was

---

[1]Although the motion was actually filed with the state trial court on February 24, 2005, under the "mailbox rule," the motion would be deemed filed on February 17, 2005, the date when the motion was signed and presumably submitted to the prison authorities for mailing.  *See Adams v. United States*, 173 F.3d 1339, 1341 (11th Cir. 1999) (under the "mailbox rule," a pro se prisoner's motion to vacate, set aside, or correct sentence was filed on the date that he signed, executed, and delivered his petition to prison authorities for mailing).  All further references to the filing date of pleadings by Petitioner shall be the filing date under the mailbox rule.

initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D)    the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2)    The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

In the present case, Petitioner's conviction became final under Florida law on March 19, 2004, when the state appellate court issued mandate with regard to his direct appeal. *Tinker v. Moore*, 255 F.3d 1331, 1333 (11th Cir. 2001) ("Under Florida law, a judgment against a criminal defendant becomes final upon issuance of the mandate on direct appeal."). However, under section 2244(d)(1)(A), the Court must include the time that Petitioner could have sought review with the United States Supreme Court. *Bond v. Moore*, 309 F.3d 770 (11th Cir. 2002). Thus, Petitioner's conviction, for purposes of § 2244(d)(1)(A), became final at the latest on May 31, 2004, which was ninety days after entry of the appellate court's order affirming *per curiam*. *See* Sup. Ct. R. 13(3).[2]  Petitioner then had until May 31, 2005,

---

[2]United States Supreme Court Rule 13(3) provides as follows:

The time to file a petition for a writ of certiorari runs from the date of entry of the judgment or order sought to be reviewed, and not from the issuance date of the mandate (or its equivalent under local practice). But if a petition for rehearing is timely filed in the lower court by any party, the time to file the petition for a writ of certiorari for all parties (whether or not they requested rehearing or joined in the petition for rehearing) runs from the date of the denial of the petition for rehearing or, if the petition for rehearing is granted, the subsequent entry of judgment.

absent any tolling, to file a federal habeas petition regarding such conviction. Petitioner's initial federal habeas petition was file-stamped by the Clerk's office on October 17, 2005, but was deemed filed on October 8, 2005, under the mailbox rule.

Pursuant to section 2244(d)(2), the one year period is "tolled" for the time during which a *properly filed* state postconviction or collateral proceeding is pending. Petitioner filed his motion for postconviction relief on February 17, 2005, at which time 262 days of the one-year period had run. After those proceedings concluded on August 12, 2005, the one-year period expired 103 days later on November 23, 2005. Therefore the instant habeas petition was timely.

Accordingly, it is hereby **ORDERED** as follows:

1.      Within thirty (30) days from the date of this Order, Respondents shall file a Supplemental Response to Petition, which shall address the merits of Petitioner's claims. Of course, Respondents may raise any procedural bar defenses if applicable. Within the same time-frame, Respondents should file any further portions of the record that will be necessary for review of the petition.

2.      After Respondents comply with paragraph one above, the Court will enter an Order allowing Petitioner the opportunity to reply to the supplemental response.

**DONE AND ORDERED** in Chambers at Orlando, Florida, this _13th__ day of July, 2006.

PATRICIA C. FAWSETT, CHIEF JUDGE
UNITED STATES DISTRICT COURT

Copies to:
pslc 7/13
Counsel of Record
Patrick James Sperber