UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

PATRICK JAMES SPERBER,

    Petitioner,

v.                                                           CASE NO. 6:05-cv-1560-Orl-19KRS

SECRETARY, DEPARTMENT
OF CORRECTIONS, et al.,

    Respondents.

### ORDER

Petitioner filed a petition for habeas corpus relief pursuant to 28 U.S.C. section 2254 (Doc. No. 1). Respondents filed an amended response (Doc. No. 24) to the petition for writ of habeas corpus in compliance with this Court's instructions and with the *Rules Governing Section 2254 Cases in the United States District Courts*. Petitioner filed a reply (Doc. No. 28) to the amended response.

### I. *Procedural History*

Petitioner was charged by information with principal to attempted robbery with a firearm, principal to attempted felony murder, and principal to attempted felony murder (direct). He entered pleas of nolo contendere to the charges, and after a hearing, the trial court accepted the pleas. On June 5, 2003, the trial court adjudicated Petitioner guilty of the crimes and sentenced him to imprisonment for a term of fifteen years as to each count, followed by probation for a term of fifteen years. All sentences were ordered to run

concurrently. Petitioner filed a direct appeal, and the Florida Fifth District Court of Appeal affirmed *per curiam* on March 2, 2004.

Petitioner filed a Florida Rule of Criminal Procedure 3.850 motion for post-conviction relief, which the state trial court denied. The appellate court affirmed the denial *per curiam*.

## II.   Petitioner's Claim

Petitioner contends that he received ineffective assistance of counsel that rendered his pleas involuntary. According to Petitioner, his court-appointed counsel was aware that a March 9, 1998, psychological evaluation indicated that Petitioner had "significant psychological disturbance, which indicated he was immature, narcissistic, and self-indulgent." (Doc. No. 1 at 5A.) Based on this evaluation, Petitioner asserts that defense counsel should have requested a new psychological evaluation of Petitioner "to see if the Petitioner had gotten worse, thus causing the Petitioner to be mentally insane when the crimes in the present case were committed." *Id*. at 5C. Petitioner further avers that had defense counsel "requested that a new psychological evaluation had [sic] been done, it would have shown that there has indeed been a decline in his psychological problems which could have possibly resulted in the Petitioner being charged with the charges in the present case." *Id*. at 5D. According to Petitioner, had counsel requested an evaluation, it would have shown that Petitioner's psychological status had declined, he would not have changed his pleas to nolo contendere, and "there is a reasonable likelihood [he] would have been found not guilty by reason of insanity by a jury of his peers." *Id*. at 5E-5F.

Petitioner raised this claim in his Rule 3.850 motion, and the state trial court found that none of the disorders diagnosed in the 1998 evaluation would have supported an insanity defense. In addition, the trial court noted that nothing in the evaluation indicated that Petitioner was incapable of distinguishing right from wrong or that he did not know what he was doing at the time he committed the offenses, as would be required to sustain an insanity defense. Finally, the trial court observed that Petitioner's comments to the court at sentencing reflected an understanding of the nature and quality of his criminal acts. *See* App. C, Order Denying Defendant's Motion for Post-Conviction Relief at 2. The trial court's decision was affirmed *per curiam* by the appellate court.

Federal habeas relief may not be granted with respect to a claim adjudicated on the merits in state court unless the adjudication of the claim:

(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

(2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). The phrase "clearly established Federal law," encompasses only the holdings of the United States Supreme Court "as of the time of the relevant state-court decision." *Williams v. Taylor*, 529 U.S. 362, 412 (2000).

"[S]ection 2254(d)(1) provides two separate bases for reviewing state court decisions; the 'contrary to' and 'unreasonable application' clauses articulate independent considerations a federal court must consider." *Maharaj v. Secretary for Dep't. of Corr.*, 432

F.3d 1292, 1308 (11th Cir. 2005), *cert. denied*, 127 S. Ct. 348 (2006).  The meaning of the clauses was discussed by the Eleventh Circuit Court of Appeals in *Parker v. Head*, 244 F.3d 831, 835 (11th Cir.), *cert. denied*, 534 U.S. 1046 (2001):

> Under the "contrary to" clause, a federal court may grant the writ if the state court arrives at a conclusion opposite to that reached by [the United States Supreme Court] on a question of law or if the state court decides a case differently than [the United States Supreme Court] has on a set of materially indistinguishable facts.  Under the 'unreasonable application' clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from [the United States Supreme Court's] decisions but unreasonably applies that principle to the facts of the prisoner's case.

If the federal court concludes that the state court applied federal law incorrectly, habeas relief is appropriate only if that application was "objectively unreasonable."  *Id*.

Finally, under § 2254(d)(2), a federal court may grant a writ of habeas corpus if the state court's decision "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding."  A determination of a factual issue made by a state court, however, shall be presumed correct, and the habeas petitioner shall have the burden of rebutting the presumption of correctness by clear and convincing evidence.  *See Parker*, 244 F.3d at 835-36; 28 U.S.C. § 2254(e)(1).

In *Hill v. Lockhart*, 474 U.S. 52 (1985), the United States Supreme Court held that "the two-part *Strickland v. Washington* test applies to challenges to guilty pleas based on ineffective assistance of counsel."  *Id*. at 58.  The two-part test for determining whether a convicted person is entitled to relief on the ground that his counsel rendered ineffective assistance requires a petition to show that: (1) counsel's performance was deficient and "fell

below an objective standard of reasonableness"; and (2) the deficient performance prejudiced the defense.[1] *Id*. at 687-88. A court must adhere to a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance. *Id*. at 689-90.

In assessing Petitioner's claim, the state court did not specifically cite to any United States Supreme Court case for the standard to be applied. However, a state court is not required to cite United States Supreme Court cases or even be aware of the cases, "so long as neither the reasoning nor the result of the state-court decision contradicts them." *Early v. Packer*, 537 U.S. 3, 8 (2002). Petitioner has not shown that the state court reached an opposite conclusion from the United States Supreme Court on a question of law.

This Court agrees with the state trial court. The fact that defense counsel did not request a new psychological evaluation of Petitioner was neither unreasonable nor prejudicial. The fact that a four year-old evaluation indicated that Petitioner was "immature, narcissistic and self-indulgent," was "subject to erratic and unpredictable behavior," had "problems with impulse control," and was "at great risk for serious adjustment difficulties in the future" by no means required counsel to question Petitioner's sanity at the time of the offense. As explained by the state trial judge, none of the information in the evaluation would have supported an insanity defense, and Petitioner

---

[1] In order to satisfy the prejudice requirement of the two-prong test set forth in *Strickland*, Petitioner must show that "there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill*, 474 U.S. at 59 (footnote omitted).

has not provided any other information indicating that such a defense was warranted or viable. Furthermore, his comments at the sentencing hearing evidenced his understanding of the proceedings, as well as the offenses he committed.

The Court finds that trial counsel's conduct was reasonable, and Petitioner has not shown prejudice. Certainly, Petitioner has not demonstrated, and this Court is unable to conclude, that the state court's decision was either "contrary to" or an "unreasonable application of" *Strickland*. Moreover, Petitioner has not demonstrated that the state court made an unreasonable determination of the facts in light of the evidence presented. Petitioner's claim must be denied pursuant to section 2254(d).

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. The Petition for Writ of Habeas Corpus (Doc. No. 1) filed by Patrick James Sperber is **DENIED**, and this case is **DISMISSED WITH PREJUDICE**. The Clerk of the Court shall enter judgment accordingly.

2. The Clerk of the Court is directed to close this case.

**DONE AND ORDERED** at Orlando, Florida, this _8th_ day of February, 2007.

PATRICIA C. FAWSETT, CHIEF JUDGE
UNITED STATES DISTRICT COURT

Copies to:
sa 2/8
Counsel of Record

6

Patrick James Sperber

Patrick James Sperber